<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **STEPHEN W. LEIBHOLZ,** | Civil Action No.: 05-5148 (DRD) |
| Plaintiff, | OPINION AND ORDER |
| v. | |
| **ROBERT J. HARIRI,** | |
| Defendant. | |

## I. INTRODUCTION

This matter comes before the Court upon Defendant's motion to quash subpoenas issued by Plaintiff upon Peter Hunter, Robert Pringle, James D. Cheung, Conrad Nowicki, Jerome B. Zeldis and Jory Magidson, filed on behalf of Defendant, Robert J. Hariri. Plaintiff opposes the motion.

## II. BACKGROUND

The Factual Background is set forth in length in other Opinions and will not be set forth within.

## III. DISCUSSION

Defendant seeks to quash the subpoenas that Plaintiff attempted to serve on non-party individuals Peter Hunter, Robert Pringle, James D. Cheung, Conrad Nowicki, Jerome B. Zeldis and Jory Magidson. (Def.'s Moving Br. 1). Defendant asserts that none of the individuals: (1) possess any knowledge of Mr. Leibholz; (2) ever met Mr. Leibholz; (3) have any information or knowledge relating to his claims or any promises allegedly made to him; or (4) have any

knowledge of communications between Dr. Hariri and Mr. Leibholz. (Def.'s Moving Brief 4). Therefore, Defendant asserts that it is "impossible to conceive what the 'likely benefit' of the testimony will be, or how the testimony of these non-parties will impact in any way the resolution of the issues in this case." (Def.'s Moving Brief 4). The Defendant cites *Jones v. Hirschfeld* for the proposition that it is within the court's discretion to quash a subpoena to take the deposition of a non-party witness that has no information relevant to the plaintiff's claims. 219 F.R.D. 71, 74 (D.N.Y. 2003)(Def.'s Moving Brief 3). In addition, Defendant states that the addresses utilized to subpoena Mr. Nowicki and Mr. Pringle are no longer accurate and that Mr. Nowicki and Mr. Magidson advised that they have not received any subpoena from Plaintiff in this matter. (Def.'s Moving Brief 1-2).

Plaintiff asserts that Defendant cannot meet the high standard established in order to succeed on a motion to quash. (Pl.'s Opp'n Br. 5). Plaintiff states that he seeks to depose the non-party individuals in order to investigate the circumstances under which they acquired their Lifebank/Anthrogenesis stock. (Pl.'s Opp'n Br. 5). Plaintiff also wishes to question the individuals regarding their potential knowledge of withdrawn promises or representations made to them or other persons by Mr. Hariri in connection with transfers of stock in exchange for employment or consultation services. (Pl.'s Opp'n Br. 5). According to Plaintiff, even though the witnesses claim they know nothing about the Plaintiff, they know and can testify about "generally prescribed corporate policies." (Pl.'s Opp'n Br. 6). In addition, Plaintiff states that he is entitled to discovery as to his RICO claim. (Pl.'s Opp'n Br. 7). Plaintiff acknowledges that Robert Pringle, Conrad Nowicki and Jory Magidson have not been served. (Pl.'s Opp'n Br. 8).

Federal Rule of Civil Procedure 26 defines the methods, scope, limits and process of discovery.  Section (b) of that rule establishes the scope and limits of discovery.  It provides that parties may obtain discovery regarding any party's claim or defense.  Rule 26(b) also provides that for good cause, the court may order discovery of any matter relevant to the subject matter involved in the action.  As this court has recognized, "[c]ourts have construed this rule liberally, creating a broad vista for discovery."  *Tele-Radio Sys. Ltd. v. DeForest Electronics, Inc.*, 92 F.R.D. 371, 375 (D.N.J. 1981).  In interpreting Rule 26(b)(1), district courts must be mindful that relevance is a broader inquiry at the discovery stage than at the trial stage.  *Nestle Foods Corp. v. Aetna Cas. and Sur. Co.*, 135 F.R.D. 101, 104 (D.N.J. 1990).  "Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."  Fed. R. Civ. P. 26(b)(1).

While broad, discovery is not boundless.  Rule 26(b)(2) vests the District Court with the authority to limit a party's pursuit of otherwise discoverable information.  The Third Circuit recognized this power stating that, "[a]lthough the scope of discovery under the Federal Rules is . . . broad, this right is not unlimited and may be circumscribed."  *Bayer AG v. Betachem, Inc.*, 173 F.3d 188, 191 (3d Cir. 1999).  Specifically, the rules provide that the frequency or extent of discovery otherwise permitted under the rules or by local rule shall be limited by the court if the burden or the expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues.  Fed. R. Civ. P. 26(b)(2)(C).

The Court's power to quash or modify a subpoena inherently lies within the provisions to enter a protective order under Fed. R. Civ. P. 26(c). A motion to quash is similar to a motion for a protective order that discovery not be had under Rule 26(c), and is judged under similar standards. 9 James W. Moore et al., *Moore's Federal Practice* § 45.50[2](3d ed. 2008). Federal Rule of Civil Procedure 26(c)(1) provides that a court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including the following: (A) forbidding the disclosure or discovery; and (D) forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters.

A Court may quash or modify a subpoena if it fails to allow reasonable time for compliance, requires a non-party deponent to travel over 100 miles from their residence, or subjects a person to undue burden. Fed. R. Civ. P. 45(c)(3)(A)(i)-(iv). The movant bears the burden of persuasion when requesting the entry of a protective order under Rule 26. *Caver v. City of Trenton*, 192 F.R.D. 154, 162 (D.N.J. 2000).

The Court is concerned about the number of subpoenas issued to non-party individuals in this case, all of whom have no knowledge of the Plaintiff and/or his claims. Nevertheless, based on the broad vista of discovery and the liberal standards imposed by the rules, the Court will not quash the subpoenas. The discovery sought by Plaintiff appears to be reasonably calculated to lead to the discovery of admissible evidence and the burden does not outweigh the benefit to the extent that it requires the subpoenas to be quashed. However, the Court instructs that the Plaintiff may only proceed with the depositions of the non-party witnesses who were properly served.

## IV.  CONCLUSION

For the reasons listed above, Defendant's motion is GRANTED-IN-PART and DENIED-IN-PART.

s/ Michael A. Shipp
**HONORABLE MICHAEL A. SHIPP**
**United States Magistrate Judge**

Dated: June 30, 2008