**UNITED STATES DISTRICT COURT**
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **CHAMBERS OF**<br>**MICHAEL A. SHIPP**<br>**UNITED STATES MAGISTRATE JUDGE** | **MARTIN LUTHER KING COURTHOUSE**<br>**50 WALNUT ST.   ROOM 2042**<br>**NEWARK, NJ 07102**<br>**973-645-3827** |

**Not for Publication**

**LETTER OPINION AND ORDER**

October 2, 2009

**VIA CM/ECF**
All counsel of record

      **Re:**    **Leibholz v. Hariri**
              **Civil Action No. 05-5148 (DRD)**

Dear Counsel:

This matter comes before the Court upon Defendant Hariri's Motion to Disqualify Carlos M. Recio, Esq., as Counsel. (Docket No. 114.) For the reasons set forth below, Defendant's motion is denied without prejudice.

    **1.**    **Background**

Defendant seeks to disqualify Carlos M. Recio, Esq. ("Recio" or "Mr. Recio"), pro hac vice counsel for Plaintiff. Defendant argues for disqualification of Recio for several reasons: (1) Recio previously represented witnesses who may have adverse interests to Plaintiff; (2) Recio owns stock in companies that are witnesses to this litigation; and (3) Recio himself may be a witness because his name appears on various documents produced by Plaintiff. (Def.'s Moving Br. 7.)

Defendant grounds his concerns in several of the New Jersey Rules of Professional Conduct, including: RPC 3.7 (Lawyer as Witness); RPC 1.7 (Conflict of Interest: General Rule); RPC 1.8

(Conflict of Interest: Current Clients; Specific Rules); and RPC 1.9 (Duties to Former Clients). *Id.* at 7-13. Defendant asserts that since Recio himself is a witness to the events at issue in the litigation, he will not be in a position to represent Plaintiff in the trial of the case. *Id.* at 8. Defendant also asserts that there is a risk that representation of Plaintiff will be materially limited by Recio's responsibilities to his former clients. *Id.* Defendant points out that numerous conflicts of interest exist. *Id.* Defendant asserts that to the extent Recio continues to represent any of the companies or individuals, even if not in this specific litigation, there is a significant risk that Recio's continued representation of them will be materially limited by Recio's representation of Plaintiff in this litigation. *Id.* Defendant also alleges that Recio's representation of Plaintiff will be materially limited by Recio's own personal ownership interest in the companies at issue and that Recio may choose to counsel Leibholz against pursuing a strategy which could diminish the value of Recio's own stock in the company. *Id.* at 9. Defendant states:

> Mr. Recio's participation in the deposition of the witnesses will necessarily corrupt the proceedings; witnesses may be inhibited from responding to questions freely knowing that Mr. Recio may cross-examine them with confidential information. Furthermore, the integrity of these judicial proceedings is damaged by the continuation of Mr. Recio as counsel to Mr. Leibholz. Mr. Recio is too closely wrapped up with the events which are the subject matter of this litigation and personally invested in the outcome of this litigation.

*Id.* at 13.

Plaintiff opposes the Defendant's motion to disqualify Recio on the grounds that: (1) Defendant uses the wrong standard for disqualification; (2) Mr. Recio's previous representation of witnesses does not warrant disqualification; (3) there is no conflict of interest because of his ownership of stock in two companies *unrelated* to this litigation; and (4) disqualification is not warranted because he is not a necessary witness in this case. (Pl.'s Opp'n Br. 9-23.)

Plaintiff asserts that Defendant does not cite the Third Circuit standard for attorney disqualification. *Id.* at 9. Plaintiff cites to *Rohm & Haas Company v. American Cyanamid Company*, 187 F. Supp. 2d 221, 226-27 (D.N.J. 2001), for the proposition that courts disfavor motions to disqualify and grant them only when absolutely necessary. *Id.*

Plaintiff also argues that Recio's previous representation of witnesses does not warrant disqualification. *Id.* at 11. Plaintiff states that Recio does not have an attorney-client relationship with three out of the five witnesses he agreed to represent at depositions. *Id.* Plaintiff concedes that Recio has an ongoing attorney-client relationship with two witnesses, Vizornet, Inc. and Mark Gatanas. However, Plaintiff asserts that this is a non-issue because both have separate counsel and Recio agreed not to represent them as witnesses in this particular case. *Id.* Plaintiff contends that Defendant only speculates that Recio's representation of these witnesses limits his ability to represent another client. *Id.* at 12. Plaintiff asserts that speculation does not satisfy Defendant's high burden of proof to disqualify Recio. *Id.*

Plaintiff further asserts that Defendant fails to show that there is a conflict of interest because Recio's ownership of stock is "unrelated" to this litigation. *Id.* at 16. Plaintiff concedes that Recio owns a 5% stock interest in witness Vizornet, Inc. and less than a 1% interest in witness Goldenbridge Technology. *Id.* Plaintiff explains that Recio's business investments in these companies are unrelated to this litigation and therefore create no conflict of interest. *Id.* at 17. Moreover, Plaintiff states that Recio does not own stock in any corporation controlled by Plaintiff and even if he did, there is no authority to support disqualification only on this ground. *Id.* at 18.

Finally, Plaintiff argues that disqualification is not warranted because Recio is not a necessary witness in this case. *Id.* at 19. Plaintiff indicates that on numerous occasions Recio has advised

3

Defendant that he has no personal knowledge of any facts related to the case. *Id.* Plaintiff reiterates that Recio does not own any stock in Plaintiff's business and even if he did own such stock, Recio would not be a necessary witness because this case does not concern issues of corporate ownership. *Id.* at 20. Plaintiff argues that the "opponent's intention of calling the lawyer as a witness is not grounds for disqualification." *Id.* at 21 (quoting *Gordon v. Bechtel International*, 2001 U.S. Dist. LEXIS 22432 at 14 (D.V.I., Dec. 28, 2001)). Additionally, Plaintiff explains that courts uniformly hold that an attorney is not disqualified where there are other witnesses to the transaction in question and the attorney's testimony would be merely cumulative. *Id.* (citing *A.V. Gianni Versace, Inc.*, 2001 U.S. Dist LEXIS 12687). Similarly, in this case, Plaintiff argues that Recio's testimony would only be cumulative.

### 2. **Discussion**

"It is well settled that because motions to disqualify can have such drastic consequences, courts disfavor such motions and grant them only 'when absolutely necessary.'" *Rohm and Haas Co. v. American Cyanamid Co.*, 187 F. Supp. 2d 221, 226 (D.N.J. 2001)(citing *Alexander v. Primerica Holdings, Inc.*, 822 F. Supp. 1099, 1114 (D.N.J. 1993)). "A party seeking disqualification must meet a 'heavy burden' of proof before a court will disqualify an attorney." *Id.* at 226-27. "New Jersey courts engage in a 'painstaking analysis of the facts' when addressing motions for disqualification." *Id.* (citing *Dewey v. R.J. Reynolds Tobacco Co.*, 109 N.J. 201, 205 (1988)). However, "a person's right to retain counsel of his or her choice is limited in that there is no right to demand to be represented by an attorney disqualified because of an ethical requirement." *Dewey v. R.J. Reynolds Tobacco Co.*, 109 N.J. 201, 218 (1988)(citing *Reardon v. Marlayne, Inc.*, 83 N.J. 460, 477 (1980)).

The briefs submitted in relation to the motion to disqualify Recio as Plaintiff's counsel all demonstrate Recio's involvement with both individuals and companies related to the within litigation. However, as provided above, the parties strongly disagree regarding the relevance and importance of Recio's involvement with the named individuals and companies and how, if at all, it should impact Recio's representation of Plaintiff in the present case. The specific alleged Recio conflicts include:

a. VizorNet

Leibholz identified VizorNet as a company involved with the consulting work he provided. Leibholz is associated with VizorNet and is a shareholder of VizorNet. Defendants note that Recio has an ownership interest in VizorNet. (Def.'s Moving Br. 3.) Plaintiff asserts that Recio owns a 5% stock interest in VizorNet and is counsel to VizorNet. Plaintiff further asserts that VizorNet is an unrelated business and has nothing to do with this case. (Pl.'s Opp'n Br. 19.)

b. Goldenbridge Technologies

Leibholz identified Goldenbridge Technologies ("Goldenbridge") as a company involved with the consulting work he provided. Leibholz provided consulting services to certain shareholders of Goldenbridge. (Def.'s Moving Br. 3-4.) Recio has an ownership interest in Goldenbridge. *Id.* at 3. Plaintiff asserts that Recio owns a tiny interest representing far less than 1% of the stock. (Pl.'s Opp'n Br. 16.) Plaintiff also asserts that Recio's investment in Goldenbridge had nothing to do with any issue in this case. *Id.* at 17.

c. TechLabs

Leibholz identified TechLabs as a company involved with the consulting work he provided. (Def.'s Moving Br. 3.) Recio's name appears as a shareholder or member on documents. A TechLabs document entitled "Operational Business Description" lists Anthrogenesis Corp. as a

"participant," names Dr. Hariri under the heading "Led by a seasoned hands-on scientist-entrepreneur," and describes Dr. Hariri as holder of 25,000 shares. *Id.* at 4. Neither Anthrogenesis nor Dr. Hariri saw or approved the document nor did they "lead" the business nor did they receive any stock issuances. *Id.* Plaintiff asserts that Recio has no interest in TechLabs, Mr. Leibholz's main consulting vehicle. (Pl.'s Opp'n Br. 16.)

    d.    <u>WHIST</u>

Leibholz identified Whist as a company involved with consulting work he provided. (Def.'s Moving Br. 3.) Mr. Recio's name appears as a shareholder or member on documents. *Id.* at 5. Leibholz produced a document entitled "WHIST - A Brief Corporate Summary." *Id.* Dr. Hariri is identified as a member of the company, along with Recio and others. *Id.* Dr. Hariri was not aware of and did not authorize the use of his name in the document. *Id.* Plaintiff asserts that Recio is identified as having a proposed 2.2% interest in Whist. (Pl.'s Opp'n Br. 17.) Plaintiff further asserts that Whist was a proposed start-up entity and no stock had ever actually issued. *Id.*

    e.    <u>Gensor</u>

Leibholz identified Gensor as a company involved with the consulting work he provided. (Def.'s Moving Br. 3.) Recio's name appears as a shareholder or member on documents. Leibholz produced a document entitled, "Action by Unanimous Consent of the Sole Director and Sole Shareholder of Gensor, Inc.," which is an authorization to issue common stock to various individuals including Carlos Recio, Dr. Hariri and others. *Id.* at 5. Dr. Hariri was not aware of the Gensor stock. *Id.* Plaintiff asserts that Recio is identified as having a proposed 1.2% interest in Gensor. (Pl.'s Opp'n Br. 17.) Gensor was a proposed start-up entity and no stock ever actually issued. *Id.* The basis for Dr. Hariri's counterclaims is that his name was placed on Gensor's website without his

permission or consent. *Id.* at 20. However, shareholders in the company would not be necessary witnesses to this. *Id.* Defendants respond that "Recio states that he was 'not aware that a Gensor, Inc. Website identified Robert Hariri in anyway prior to the filing of the counterclaims in this case,' yet the very Gensor documents referring to Mr. Recio by name are the very same documents that improperly identify Dr. Hariri." (Def.'s Reply Br. 4.) The documents state that shares were "Effectively Issued," but Recio asserts that "no stock was issued." *Id.*

    f.    <u>Walter Antonel</u>

Hariri served or attempted to serve a subpoena on Antonel. Recio originally said that he would personally represent Antonel at his deposition. (Def.'s Moving Br. 4.) Plaintiff acknowledges that Recio agreed to represent Antonel at his deposition. (Pl.'s Opp'n Br. 6.) Plaintiff asserts that Recio knew Antonel, and that Antonel had consulted with Recio regarding an unrelated issue. *Id.*

    g.    <u>Mark Gatanas</u>

Hariri served or attempted to serve a subpoena on Gatanas. Recio originally said that he would personally represent Gatanas at the deposition. (Def.'s Moving Br. 4.) Plaintiff acknowledges that Recio agreed to represent Gatanas at the deposition. (Pl.'s Opp'n Br. 5.)  Recio is counsel to Gatanas, who is the President and majority shareholder of VizorNet, Inc., individually and through other entities. *Id.*

    h.    <u>Michael Matson</u>

Hariri served or attempted to serve a subpoena on Matson. Recio originally said that he would be personally representing Matson at the deposition. (Def.'s Moving Br. 4.) Plaintiff acknowledges that Recio agreed to represent Matson at the deposition. (Pl.'s Opp'n Br. 6.)  Matson is the Vice President of VizorNet, who had formerly worked for Oak Ridge National Laboratories. *Id.*

   i. <u>Other</u>

Defendant also points out that when he attempted to serve a subpoena on Keith Harary and George Meyers, each objected to the subpoena with a "cc" to Recio, even though the subpoenas had not listed Recio as counsel to Plaintiff. (Def.'s Moving Br. 4.)

Recio's name and presence seem infused in relation to many individuals and companies that Plaintiff himself identified in connection with the consulting work he provided. There also appear to be several issues that Defendant needs to flesh out during discovery, including but not limited to issues related to Whist and Gensor. However, based on the information that has been currently presented at this point in the litigation, the Court is not convinced that Recio's involvement with any one individual and/or company rises to a level which requires his immediate disqualification. The Court is then faced with the question of whether Recio's numerous involvements in various forms and capacities, considered in their totality, warrant Recio's disqualification. The Court is concerned by the potential conflicts inherent in Recio's interactions and involvement with witnesses. However, the Court does not find that the proceedings would be fatally infected if Recio is currently permitted to continue as counsel. Therefore, the Court finds that the facts do not warrant Recio's immediate disqualification as counsel.

  <u>R.P.C. 3.7</u>

Rule 3.7 of the New Jersey Rules for Professional Conduct provides that a lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness unless: (1) the testimony is related to an uncontested issue; (2) the testimony relates to the nature and value of legal services rendered in the case; or (3) disqualification of the lawyer would work substantial hardship on the client.

Plaintiff states that Mr. Recio "had no personal knowledge of any dealings between Mr. Leibholz and Robert Hariri, Lifebank or Anthrogenesis" and that "he did have knowledge of other dealings Mr. Leibholz had with third parties, but that such knowledge was unrelated to this case and arose from his role as Mr. Leibholz' counsel." (Pl.'s Opp'n Br. 6.) On the other hand, Defendant asserts that the statements in Mr. Recio's declaration:

> constitute relevant admissible evidence that supports Dr. Hariri's position that Mr. Leibholz did not in fact perform any consulting work for Dr. Hariri or Lifebank and that Mr. Leibholz in fact did not expect to receive shares in Lifebank. Mr. Recio's testimony also constitutes relevant, admissible evidence in support of Dr. Hariri's counterclaim. . . . Because Mr. Recio is a fact witness in this matter, Rule 3.7 of the Rules of Professional Conduct prohibits him from acting as an advocate at trial in this matter.

(Def.'s Reply Br. 5-6.)

The Court finds that disqualification of Mr. Recio pursuant to R.P.C. 3.7 is premature at this time and does not find Mr. Recio's disqualification as counsel necessary at this point in the proceedings.

R.P.C. 1.7

Rule 1.7 of the New Jersey Rules for Professional Conduct provides that a concurrent conflict of interest exists if there is a *significant* risk that the representation of one or more clients will be *materially* limited by the lawyer's responsibilities to another client, a former client or by a third person or by personal interest of the lawyer. The Court is not convinced that there is a significant risk that Recio's representation of one or more clients will be materially limited under the facts of the case. If specific information emerges during the upcoming depositions which indicates that there is a significant risk that Recio's representation of clients will be materially limited, then Defendant may

9

request permission to file a new motion to disqualify and/or may seek alternative relief from the Court.

R.P.C. 1.8

Rule 1.8 of the New Jersey Rules for Professional Conduct provides that a lawyer shall not enter into a business transaction with a client unless: (1) the terms and transaction are fair and reasonable to the client and are disclosed in writing to the client in a manner that the client can understand; (2) the client is advised in writing and is given the opportunity to seek independent legal counsel concerning the transaction; and (3) the client gives informed consent in writing to the essential terms of the transaction and the lawyer's role in the transaction.

Defendant asserts that Mr. Recio entered into multiple business transactions with Mr. Leibholz but provided no evidence that the writings required by R.P.C. 1.8 were obtained. (Def.'s Moving Br. 10.) Defendant notes that the Court "has repeatedly cautioned attorneys about the extreme risks that attend the entanglement of an attorney's own business interests with his or her lawyering." *Id.* (citing *Matter of Berkowitz*, 136 N.J. 134, 146 (1994)). Defendant also asserts that "any transactions between attorney and client are presumptively invalid in law." (Def.'s Moving Br. 10 & Def.'s Reply Br. 12)(citing *In re Gavel*, 22 N.J. 248, 262 (1956)).

Plaintiff addresses Defendant's R.P.C. 1.8 concerns in a footnote in his opposition brief. Plaintiff states:

> It is regrettable that counsel for Defendant continue their attack on Mr. Recio's integrity, again without basis, by stating that 'Mr. Recio entered into multiple business transactions with Mr. Leibholz and no evidence has been provided that the [disclosure] writings required by RPC-1.8 were obtained.' . . . Not only did Mr. Recio not enter into 'multiple business transactions' with Mr. Leibholz, even if he had, counsel for the Defendant should not be speculating about whether appropriate waivers were or were not obtained.

10

(Pl.'s Opp'n Br. 18, fn 9.)

Defendant has not demonstrated that the proposed stock interests and small shares of stocks in the same companies as a client are the types of business transactions contemplated by R.P.C. 1.8. In addition, Defendant has not demonstrated that he is entitled to copies of any waivers entered into between Mr. Recio and Plaintiff. *Matter of Berkowitz* and *In re Gavel*, the cases cited by Defendant in support of the motion to disqualify Mr. Recio, deal with disbarment proceedings. The facts of both cases are clearly distinguishable from the present case. In both cases, the allegedly aggrieved parties initiated the proceedings. Counsel has not convinced the Court that Plaintiff's counsel is required to provide Defendant's counsel with copies of waivers entered into between Mr. Recio and Mr. Leibholz under the facts of the current case. Therefore, Defendant's motion to disqualify counsel pursuant to R.P.C. 3.7 is denied without prejudice.

<u>R.P.C. 1.9</u>

Rule 1.9(c) of the New Jersey Rules for Professional Conduct provides that a lawyer who formerly represented a client in a matter shall not thereafter: (1) use representation related information to the disadvantage of the former client except as permitted by the Rules or when the information has become generally known; or (2) reveal information relating to the representation except as permitted or required by the Rules. The Court is not convinced that Recio has used or is likely to use representation related information to the disadvantage of a former client under the facts as currently presented. If specific information emerges during the upcoming depositions which indicates that Recio has used or is likely to use representation related information to the disadvantage of a former client, then Defendant may request permission to file a new motion to disqualify and/or may seek alternative relief from the Court.

11

Assertion that motion was frivolous

Plaintiff's brief asserted that the Court should consider *sua sponte* whether the Motion to Disqualify was frivolous and unnecessarily burdened the Court and whether it necessitated a further delay in this litigation. Plaintiff cites *First Trust National Association v. Moses and Singer*, 2000 U.S. Dist. LEXIS 10957, at pp. 20-21, in which the Court noted that at the close of discovery it would consider whether it should *sua sponte* consider sanctioning defendant's counsel for bringing a tactical and apparently meritless motion to disqualify counsel. (Pl.'s Opp'n Br. 25.) The Court in the present case does not believe that Defendant's counsel brought a tactical and apparently meritless motion to disqualify counsel. Rather, the Defendant filed a motion with a clearly legitimate basis which counsel zealously briefed and argued. However, the Court finds that Defendant did not meet the high burden required to establish disqualification under the facts presented.

**3.      Conclusion**

For the reasons set forth above, Defendant's Motion is denied without prejudice.

      s/ Michael A. Shipp
**HONORABLE MICHAEL A. SHIPP**
**UNITED STATES MAGISTRATE JUDGE**